# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                              Case No. 07-CR-323

**DANNY COCOA-VEGA**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Danny Cocoa-Vega pleaded guilty to conspiracy to distribute 100 kilograms or more of marijuana, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846, and I ordered a pre-sentence report ("PSR") in anticipation of sentencing. The PSR recommended a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6), with a 2 level reduction under the safety valve provision, U.S.S.G. §§ 2D1.1(b)(11) & 5C1.2, and 3 level reduction for acceptance of responsibility, § 3E1.1, for a final level of 23. The PSR declined to recommend a reduction based on defendant's role in the offense under U.S.S.G. § 3B1.2. The PSR then set defendant's criminal history category at I, producing a guideline range of 46-57 months. Neither side objected to the PSR's guideline calculations, which I found correct and adopted accordingly.

Defendant requested a non-guideline sentence of 24 months under 18 U.S.C. § 3553(a), while the government advocated a sentence at the low end of the advisory guideline range. Upon consideration of the arguments of the parties and the § 3553(a) factors, I imposed a sentence of 36 months. This memorandum sets forth the reasons.

## I.

In imposing sentence, the court must consider all of the factors set forth in 18 U.S.C. § 3553(a), United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008):

(1) the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). While the guideline range will generally be the starting point in making this determination, the district court may not presume that the guideline sentence is the correct one. Nelson v. United States, 129 S. Ct. 890, 892 (2009); Gall v. United States, 128

2

Case 2:07-cr-00323-LA   Filed 05/26/09   Page 2 of 6   Document 86

S. Ct. 586, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must independently determine an appropriate sentence based on all of the circumstances of the case and under all of the § 3553(a) factors. See Gall, 128 S. Ct. at 596-97; United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008); United States v. Taylor, 586 F. Supp. 2d 1065, 1068 (E.D. Wis. 2008).

**II.**

This prosecution arose out of the government's investigation of a drug-trafficking organization that transported large quantities of marijuana between Arizona, Colorado and Wisconsin. Defendant worked for his cousin, the Tucson-based supplier of the organization, assisting in transportation, loading and unloading, assembling and dis-assembling trap compartments, and picking up money. In particular, he participated in the delivery of 488 pounds of marijuana in the fall of 2006 and 561 pounds in the spring of 2007, and the parties agreed that he should be held responsible for a total of about 475 kilograms of marijuana.

At age thirty-two, defendant had just one prior contact, a 1995 conviction for attempted possession of marijuana for sale. He successfully completed three years' probation for that crime and avoided further contacts until this case arose more than ten years later.

Aside from his involvement with drugs, defendant behaved in a pro-social manner, consistently working and supporting his family. From April 1997 to the time of sentencing he worked as a project manager and lead technician for Arizona Communications. His employer thought highly of him and indicated it would hold his position while he served a sentence. Defendant previously worked as a cable installer for two Arizona cable companies.

Defendant married in 1992, and he and his wife had two children, ages fifteen and thirteen. The marriage dissolved in 2008 based on defendant's involvement with his cousin in

3

this offense. However, the two were able to reconcile shortly before sentencing, and the family remained supportive of defendant, describing him as hard-working and helpful. Defendant stayed current with child support payments during the separation, unfortunately an unusual fact in these types of cases. I received numerous letters attesting to defendant's positive personal qualities. He had no substance abuse problems.

Given his family ties and solid employment history it was hard to understand how defendant was drawn into this conduct. Defendant indicated that he was manipulated by his cousin and drawn to the easy money. However, given defendant's age and previous involvement with the criminal justice system, it was difficult to accept this justification.

The guidelines recommended 46-57 months, and while I agreed that a substantial prison term was necessary in this case, I found a sentence somewhat below the range sufficient. Although the PSR, without objection, denied a reduction under U.S.S.G. § 3B1.2, defendant asked me to consider his lesser role under § 3553(a). Under § 3553(a), the court may consider the particular nature of the defendant's conduct in imposing sentence, even if it does not give rise to a particular guideline enhancement or reduction. See, e.g., United States v. Wachowiak, 496 F.3d 744, 753 (7th Cir. 2007) (stating that if Booker means anything at all, it must mean that the district court is permitted to give further weight to a factor covered by a specific guidelines adjustment).

The drug trafficking guideline focuses primarily on drug weight rather than on the defendant's role in the drug trafficking organization. In some cases weight may be a suitable proxy for culpability, but in others it may lump together people who play significantly different roles in the operation. This is something that has troubled judges since the inception of the guidelines. See, e.g., United States v. Cabrera, 567 F. Supp. 2d 271, 276-77 (D. Mass. 2008);

4

Jon O. Newman, Five Guideline Improvements, 5 Fed. Sent'g Rep. 190, 190 (1993). The guidelines in some cases permit 2 to 4 level reductions under U.S.S.G. § 3B1.2, although courts are to grant such reductions sparingly, see, e.g., United States v. McKee, 389 F.3d 697, 700 (7th Cir. 2004), and even with those reductions in cases with high base offense levels the guideline sentence may still be greater than necessary to provide just punishment given the specific nature of the defendant's conduct.

In this case, defendant's role was primarily to assist in loading and transportation, or picking up money. The record contained no indication that he arranged transactions, engaged in actual dealing himself, or profited significantly. He acted at his cousin's direction.

On the other hand, the fact that the guidelines overstated defendant's culpability did not mean that there was no need for punishment. Defendant was involved for a significant period of time, even if his specific conduct was less significant than others. He also had a prior drug case, for which he received a sentence of probation, yet was not deterred by that from returning to trafficking. Given defendant's positive qualities, including his stellar work record and the absence of any violence in his history, I did not see a strong need to protect the public, but a significant prison term was needed to punish and deter.

Defendant asked me to consider his efforts to cooperate with the government. I may consider such efforts under § 3553(a), even in the absence of a government motion under U.S.S.G. § 5K1.1. See, e.g., United States v. Arceo, 535 F.3d 679, 688 (7th Cir. 2008) (stating that the district court may rely on cooperation as a basis for going below the guidelines); United States v. Fernandez, 443 F.3d 19, 33 (2d Cir.2006) (stating that a district may consider "non-5K" cooperation under § 3553(a)). However, the record was insufficient to warrant such consideration in this case. Defendant argued that while his initial efforts may, due to fear and

5

mistrust, have been less than whole-hearted, he eventually did all he could to help the government. He indicated that government agents failed to promptly respond and make use of his information. The government laid the blame on defendant, indicating that he failed to return calls or promptly report what he knew. Given the lack of results and the lack of a clear basis for concluding that defendant made a genuine effort, I declined to award further consideration under § 3553(a).[1]

Under all the circumstances, I found a sentence of 36 months sufficient but not greater than necessary. This sentence varied modestly from the guidelines and was based on the particular facts of this case, so it created no unwarranted disparity. The sentence was based on § 3553(a) and would have been the same regardless of the guidelines.

**III.**

I therefore committed defendant to the custody of the Bureau of Prisons for 36 months, followed by five years of supervised release. I selected a longer supervision term to ensure that he was monitored and did not return to trafficking. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Defendant's efforts were at least partially reflected in the safety valve reduction. See U.S.S.G. § 5C1.2(a)(5).

6